JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>ROMERO'S FOOD PRODUCTS INC., a Corporation,<br><br>Defendant. | Case No. 2:23-cv-02892-FLA (PVCx)<br><br>**CONSENT JUDGMENT AND ORDER** |

　　　Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Secretary") and Defendant Romero's Food Products Inc. ("Defendant") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

### STATEMENTS BY THE PARTIES

　　　A.　　The Secretary filed a Complaint in the above-captioned proceeding naming Defendant and alleging it violated provisions of sections 7 and 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or "Act"), 29 U.S.C. §§ 207, 211(c), 215(a)(2) and 15(a)(5).

　　　B.　　Defendant has retained defense counsel and acknowledges receipt of a copy

1. of the Secretary's Complaint in this action.

2.     C.    Defendant waives issuance and service of process of the Summons and Complaint, and waives its response to the Secretary's Complaint.

    D.    The Secretary conducted an investigation of Defendant pursuant to the FLSA covering the period of October 16, 2017, to October 15, 2022. The parties have agreed to settle and resolve all alleged FLSA violations attributable to Defendant through this Consent Judgment.

    E.    The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.

    F.    Defendant admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

    G.    Defendant is a food product manufacturer.

    H.    Defendant has agreed to reclassify the distributor drivers and district managers listed on Exhibit A as employees within the meaning of the term "employee" under Section 3(e) of the Act, 29 U.S.C. § 203(e).

    I.    Defendant agrees that within 180 days upon entry of this Consent Judgment and Order, it will ensure that its current distributor drivers, listed on the attached Exhibit A, are classified as employees, and further, that it will afford such individuals all protections and safeguards guaranteed under the FLSA, including but not limited to those found in Sections 6, 7, 11(c), 15(a)(2), 15(a)(3) and 15(a)(5) of the Act. Defendant further represents and agrees that it will classify as employees any future distributor drivers performing duties that are operationally consistent with those of current distributor drivers.

**PERMANENT INJUNCTION**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendant, its officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at its direction or in concert or participation with it, are permanently enjoined and

restrained from violating the FLSA, including through any of the following manners:

1. Defendant shall not, contrary to the FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA § 3(s), or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for their employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which they are employed.

2. Defendant shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

3. Defendant shall comply with the FLSA, and if not already in effect at the time of entry of this Consent Judgment, shall amend and maintain its payroll practices as follows:

    a. Defendant shall pay all distributor drivers in compliance with the minimum wage and overtime provisions of the FLSA, including the overtime exemptions.

    b. Defendant shall accurately record the information required by 29 C.F.R. § 516.2 in the payroll records, including (1) all hours worked by employees each workday and workweek; (2) the rate(s) of pay for each of the hours worked during the workweek; (3) the total weekly straight-time earnings for the hours worked during the workweek; (4) the total premium pay for overtime hours, if any;

  c. Defendant shall ensure that employees' pay stubs show hourly pay rates, all hours worked in the applicable workweek(s), any premium pay including overtime calculations, and all deductions.

  d. Defendant shall maintain all time and payroll records for a period of not less than three years.

  e. Defendant shall record all wages paid to employees, regardless of the manner of payment, on their payroll records, and any expense reimbursements must be recorded in Defendants' accounting system.

  f. Defendant shall inform all supervisors and managers performing payroll duties of the requirements of this Consent Judgment and shall provide a copy of this Consent Judgment to all supervisors and managers performing payroll duties.

 4. Defendant, its officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages from any of the employees listed on the attached Exhibit A. Defendant shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Consent Judgment. Violation of this Paragraph may subject the Defendant to equitable and legal damages, including punitive damages and civil contempt.

 5. Defendant, its officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts their rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this Paragraph may subject the Defendant to equitable and legal damages, including punitive damages and civil contempt.

 6. Defendant shall not continue to withhold the payment of $650,000.00 in overtime pay hereby found to be due by the Defendant under the FLSA to employees, as

a result of their employment by Defendant during the period of October 16, 2017 to October 15, 2022 ("Back Wage Accrual Period").

7. Within 180 days of the entry of this Consent Judgment and Order, Defendant will not misclassify its distributor drivers, and all individuals listed on Exhibit A who perform work as distributor drivers, and those individuals with duties that are operationally consistent, will be classified as employees under the FLSA.

## JUDGMENT AND ORDER

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant Section 16(c) of the FLSA, 29 U.S.C. § 216(c), in favor of the Secretary and against Defendant in the amount of $650,000.00. Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT**

8. Within 60 days of the entry of this Consent Judgment, Defendant shall pay $650,000.00 in overtime pay hereby due under the FLSA and this Judgment, to employees on Exhibit A.

9. To accomplish the requirements of Paragraph 8, Defendant shall:

   i. Deliver a check or money order to each person named in the attached **Exhibit A,** less the amounts of legal deductions for payroll and withholding taxes thereon (that Defendant shall pay directly to the federal and state agencies entitled thereto when due).

   ii. Within thirty (30) days of each payment made pursuant to Paragraph 8, deliver to the U.S. Wage and Hour Division evidence of payment to each person paid, including any and all signed U.S. Wage and Hour Division Receipt for Payment of Back Wages, Employment Benefits, or Other Compensation Form WH-58 receipt forms or copies of canceled checks the Defendant has received at that time.

   iii. Within 120 days of the entry of this Consent Judgment, provide the U.S. Wage and Hour Division with a list of all employees who could not be located or who refused to accept any payment made

according to **Exhibit A**, their last known address, phone number, social security number, and their gross and net amounts due, and deposit with Wage and Hour the total back wage amount due to all employees listed in **Exhibit A** who could not be located or who refused payment. Defendant shall make a payment online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment - WE Region." Payments shall reference Case Number # 1922834.

10. The Secretary shall allocate and distribute the funds described in paragraph 9.iii less deductions made by the Secretary for the employees' share of payroll taxes and income tax withholdings. Any monies not distributed to employees within three (3) years from the date of the Secretary's receipt of the settlement payment, because of an inability to locate the proper persons or because of their refusal to accept it, the Secretary shall deposit the payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c).

11. In the event of any default in the timely making of any payment due hereunder, the full amount due under the back wage provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of Defendant then known to the Secretary with electronic copies also concurrently e-served on Defendant's counsel of record.

12. On at least an annual basis, Defendant shall hire an independent third-party to conduct supervisor training as to the requirements of the FLSA, which may be conducted via live webinar and includes training conducted by Defendant's outside legal counsel. The training shall be for one session of not less than one hour with an opportunity for questions and answers and shall address the FLSA's minimum wage,

overtime, record keeping, and anti-retaliation requirements, and the FLSA's requirements for classifying workers as employees vs. independent contractors. All supervisors and employees who determine Defendant's employees' pay or schedules or who prepare payroll shall attend this training. This provision shall be in effect for a period of three (3) years from the date entry of this Judgment by the Court.

13. Within thirty (30) days of the entry of this Judgment, Defendant shall supply its current distributor drivers and district managers with copies of the attached Exhibit B. In addition, Defendant shall, for one year from the date of the entry of this Judgment, post a copy of Exhibit B at a work location where it is visible to employees.

**IT IS FURTHER ORDERED** that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A, nor as to any employee named on the attached Exhibit A for any period not specified therein, nor as to any employer other than Defendant.

**IT IS FURTHER ORDERED** that each party shall bear their own fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended, to the date of entry of the Judgment herein; and,

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: April 21, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge

//
//
//

For the Plaintiff:

SEEMA NANDA
Solicitor of Labor
MARC A. PILOTIN
Regional Solicitor
KATHERINE E. CAMERON
Associate Regional Solicitor

/s/Boris Orlov
BORIS ORLOV
Counsel for Wage and Hour

DATE: March 17, 2023

The Defendant hereby appears and consents to the entry of this Judgment and waives notice by the Clerk of Court.

Romero's Food Products, Inc.

*Jim Hubbard* (signature)

BY: Jim Hubbard
Chief Executive Officer

DATE: April 16, 2023

Approved as to Form

/s/ Alecia Winfield

LITTLER MENDELSON
Jaime B. Laurent
Alecia Winfield
Attorneys for Defendant

DATE: April 12, 2023

CONSENT JUDGMENT

10

# Exhibit A
## Employee List – Distributor drivers

| First Name | Last Name | Back Wage Period Start | Back Wage Period End | Total Back Wages |
|---|---|---|---|---|
| Luis | Alatorre | 06/15/2019 | 10/15/2022 | $ 15,614.19 |
| Marcos | Alfaro | 06/02/2018 | 11/27/2021 | $ 18,187.69 |
| Miguel | Baltazar | 11/04/2017 | 10/15/2022 | $ 25,274.75 |
| Tiburcio | Bedolla | 11/04/2017 | 10/15/2022 | $ 28,298.12 |
| Marcos | Chavez | 12/29/2018 | 10/15/2022 | $ 17,325.12 |
| Marcelino | Duran | 11/04/2017 | 10/15/2022 | $ 28,511.75 |
| Francisco | Gomez | 11/04/2017 | 10/15/2022 | $ 22,124.00 |
| Alberto | Gonzalez | 02/23/2019 | 10/15/2022 | $ 19,327.31 |
| Jose Antonio | Luna | 11/04/2017 | 10/01/2022 | $ 27,873.69 |
| Jose Maria | Luna | 11/04/2017 | 10/15/2022 | $ 29,252.56 |
| Elvia | Marin | 11/04/2017 | 10/15/2022 | $ 21,555.25 |
| Fernando | Martinez | 11/04/2017 | 10/15/2022 | $ 26,538.00 |
| Marcos | Meneses | 11/04/2017 | 10/15/2022 | $ 18,865.62 |
| Jose | Morales | 11/04/2017 | 04/03/2021 | $ 21,382.06 |
| Faustino | Preciado | 11/04/2017 | 10/15/2022 | $ 28,860.44 |
| Jose Manuel | Preciado | 11/04/2017 | 10/15/2022 | $ 30,538.44 |
| Julio | Preciado | 11/04/2017 | 10/15/2022 | $ 25,204.06 |
| Reyes | Preciado | 11/04/2017 | 10/15/2022 | $ 20,384.12 |
| Samuel | Preciado | 11/04/2017 | 10/15/2022 | $ 21,646.94 |
| Juan Jose | Ramirez | 11/04/2017 | 10/15/2022 | $ 27,023.88 |
| Jesus | Rivas | 02/24/2018 | 09/03/2022 | $ 20,700.49 |
| Joel | Santana | 11/04/2017 | 10/15/2022 | $ 27,637.44 |
| Gonzalo | Vaca | 11/04/2017 | 10/15/2022 | $ 24,617.80 |

| First Name | Last Name | Back Wage Period Start | Back Wage Period End | Total Back Wages |
|---|---|---|---|---|
| Maria | Velez | 02/24/2018 | 10/15/2022 | $ 12,787.56 |
| Emiliano | Dominguez | 04/26/2019 | 05/22/2020 | $ 5,018.16 |

## Employee List – District Managers

| First Name | Last Name | Back Wage Period Start | Back Wage Period End | Total Back Wages |
|---|---|---|---|---|
| Jose Manuel | Preciado Jr | 11/4/2017 | 10/15/2022 | $ 16,342.56 |
| German | Estrada | 10/27/2017 | 10/15/2022 | $ 21,954.24 |
| Juan Carlos | Maruri | 04/13/2018 | 10/15/2022 | $ 22,459.36 |
| Pedro | Orozco | 10/27/2017 | 10/15/2022 | $ 24,694.40 |

# Exhibit B

**LEGAL NOTICE TO ALL EMPLOYEES**

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked. In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek, unless they qualify for an overtime exemption.

To compromise and resolve a lawsuit brought by the **Department of Labor**, Romero's Food Products Inc. agreed to reclassify and compensate certain employees in accordance with the agreed-upon reclassification under the Fair Labor Standards Act, and the **United States District Court** entered an Order requiring **Romero's Food Products Inc.** to pay certain employees back wages as required by the **Fair Labor Standards Act**.

All employees who work in this establishment should report violations of minimum wage and overtime to the U.S. Department of Labor, Wage and Hour Division, at (626) 966-0478. Your name will not be disclosed.

# Exhibit B

(Spanish)

**AVISO LEGAL A TODOS LOS EMPLEADOS**

La **Ley de Normas Justos de Trabajo** establece que todos los empleados deben recibir el salario mínimo por todas las horas trabajadas. Además, a los empleados se les debe pagar horas de sobretiempo, a una tasa de tiempo y medio de su tarifa regular, por las horas que trabajen más de 40 en una semana laboral, a menos que califiquen por una exensión.

Para comprometer y resolver una demanda presentada por el Departamento de Trabajo, **Romero's Food Products, Inc.** acordó reclasificar y compensar a ciertos empleados de acuerdo con la reclasificatión acordado bajo la Ley de Normas Justas de Trabajo, y el Tribunal de Distrito de los Estados Unidos emitió una Orden que requiere que **Romero's Food Products Inc.** pague a ciertos empleados salarios atrasados según lo que exige la **Ley de Normas Justas de Trabajo.**

Todos los empleados que trabajan en este establecimiento deben denunciar las violaciones del salario mínimo y las horas sobretiempo a la División de Horas y Salarios del Departamento de Trabajo de los EE. UU. al (626) 966-0478. Su nombre se mantendrá confidencial.